IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA PENHALL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LAKE COUNTY PROBATION DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-03769-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiff Brenda Penhall brings suit against her former employer, Lake County Probation Department, and her former boss, Robert Howe (collectively, "Defendants"), alleging violations of the ADA, FEHA, and the Equal Protection and Due Process Clauses pursuant to 42 U.S.C. § 1983. See Compl. (dkt. 1). Her claims are all based on Defendants' alleged mistreatment of Penhall when she returned from a nearly two-year medical leave. Id. Because the Court agrees with Defendants that Penhall has failed to state a claim, the Court GRANTS the motion to dismiss.

I.  **BACKGROUND**[1]

In March of 2013, Lake County Probation Department hired Penhall as a Welfare Fraud Investigator Trainee.[2] See Compl. ¶ 11; MTD (dkt. 14) at 3. The requirement and expectation of that position is that the employee completes a training to become a Welfare

---

[1] These allegations are taken from the Complaint and assumed to be true for the purposes of this motion.
[2] Penhall alleges that the position was called Welfare Fund Investigator Trainee. See Compl. ¶ 11.

1  Fraud Investigator (i.e., no longer a trainee) within one year. See Compl. ¶ 12.

2  Defendants waived the one-year completion requirement for Penhall due to scheduling

3  difficulty. Id. ¶ 13. There are two available training courses to become an Investigator: a

4  basic course, and a "Specialized Investigator Course." Id. ¶ 14. The latter is less

5  physically demanding. Id. In January 2014, Penhall enrolled in the basic course; she

6  performed admirably until she was injured. Id. ¶ 15. During the training course, Penhall

7  injured both knees, her right shoulder and her right elbow, and required surgery. Id. ¶ 16.[3]

8  On December 1, 2015, Penhall began a medical leave of absence, and was off of work

9  through September 11, 2017. Id. ¶ 18. On September 6, 2017, Penhall's treating physician

10 released Penhall to return to work, and "did not impose any physical restrictions that

11 would limit her ability to perform the essential functions of her prior job as Welfare

12 [Fraud] Investigator Trainee." Id. ¶ 19.

13     Defendants informed Penhall that she would not be given credit for the training that

14 she completed prior to her injuries. Id. ¶ 20. Penhall requested that she be enrolled in the

15 less-physically-demanding Special Investigator Course, as she was concerned that she had

16 a higher risk of re-injury in the basic course. Id. ¶¶ 21–22. Howe would not accommodate

17 that request, "stating that [Penhall's] medical release was a full release without any

18 physical or other restrictions." Id. ¶ 23.

19     On January 23, 2018, Penhall's union filed a grievance about Defendants' failure to

20 provide the accommodation Penhall requested: participating in the Special Investigator

21 Course. Id. ¶ 25. Defendants then "commenced a campaign of harassment, including

22 Defendant Howe instructing her to only work at her desk on menial office tasks, and

23 prohibiting her from shadowing Investigators on field visits, attending range practices, and

24 other trainings which Plaintiff and other Investigator Trainees routinely attended." Id. ¶

25 26. Howe informed Penhall that he would enroll her in the basic course as of January

---

[3] Oddly, Penhall describes injuries to her knees, shoulder and elbow, see id., while Defendants acknowledge only that Penhall injured her shoulder and elbow, see MTD at 3, 6. The Court accepts Penhall's version for present purposes.

2

2018. Id. ¶ 27. Penhall then learned that Defendants had not completed the required authorization for her to participate in the course. Id. ¶ 29. In May of 2018, Howe told Penhall that she could not enroll in the course because she had expressed concern about re-injury. Id. ¶ 31.

On June 6, 2018, Howe placed Penhall on Administrative Leave pending proposed disciplinary action. Id. ¶ 32. She was directed to remain available at home, call in every 30 minutes, and not access Defendants' systems. Id. ¶ 32. She was subsequently[4] terminated. Id. ¶ 33.

Penhall brought suit on June 27, 2019. See generally Compl. She alleges that Defendants violated the Americans with Disabilities Act by failing to accommodate her, discriminating against her, and retaliating against her, all on the basis of her disability or perceived disability. See id. ¶¶ 34–46. She alleges that Defendants violated the California Fair Employment and Housing Act by creating a hostile work environment, terminating her and failing to accommodate her, all because of her disability. See id. ¶¶ 47–56. And she alleges that Howe violated the Equal Protection and Due Process Clauses and is personally liable "for failing to provide [Penhall] with reasonable accommodations, harassment against her because of her disability or perceived disability and terminating her employment because of her disability or perceived disability and in retaliation for her exercise of rights protected by the ADA." Id. ¶¶ 57–61.

Defendants move to dismiss. See MTD.

## II. LEGAL STANDARD

Dismissal is proper where the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Fed. R. Civ. P. 8(a)(2). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the

---

[4] The Complaint does not include the precise date.

3

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Fed. R. Civ. P. 12(b)(6). A court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of L.A., 828 F.2d 556, 561 (9th Cir. 1987). A court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Twombly, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do. . . .").

## III. DISCUSSION

Defendants move to dismiss all three claims.

### A. ADA Claim

They advance a number of bases for dismissing the ADA claim.

#### 1. Personal Liability for Howe

The first is that Howe is an individual, not an employer, and therefore cannot be held personally liable in an ADA case. MTD at 4 (citing 42 U.S.C. § 12111(5)(A)). Penhall concedes that this is accurate as to wrongful termination, failure to accommodate, and retaliation claims under the ADA—the only claims presently in the Complaint. See Opp'n (dkt. 20) at 1. But she asserts that "the ongoing harassment Plaintiff was subjected to on her return to work was severe and pervasive such as to constitute an actionable hostile work environment in violation of the ADA, 42 U.S.C. § 12182(b)(1)," and that the Ninth Circuit has not decided whether individuals can be held liable for harassment/hostile work environment under the ADA. See Opp'n at 1–3.[5] Defendants correctly observe that the Complaint does not currently allege a harassment/hostile work environment as part of

---

[5] See also Brown v. City of Tucson, 336 F.3d 1181, 1190 (9th Cir. 2003) ("Our court has not yet held that such a claim exists, let alone what its source in the statute might be. . . . We decline to do so here. . . . .); Anello v. Berryhill, No. 18-CV-00070-DMR, 2019 WL 4141928, at *8 (N.D. Cal. Aug. 30, 2019) ("The Ninth Circuit has not decided whether a hostile work environment claim exists under the ADA. . . .").

4

the ADA claim. See Reply (dkt. 21) at 2 (citing Compl. ¶¶ 34–46). Penhall asks that she be "afforded an opportunity to amend the complaint to add further specificity, including comments and additional conduct which Defendant Howe manifested his disdain and hostility toward [Penhall]." Opp'n at 3. The Court will allow Penhall to amend her ADA claim against Howe.

### 2. Failure to State a Claim: Disability

Defendants also argue that Penhall fails to state a claim under the ADA. This is certainly true, as the Complaint does not plausibly allege that Penhall is disabled within the meaning of the ADA.[6]

The ADA defines disability as "(A) a physical . . . impairment that substantially limits one or more major life activities . . . (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(A)–(C). But despite alleging in conclusory fashion that "Plaintiff has a disability," see Compl. ¶ 35, the allegations in the Complaint do not support that conclusion. Indeed, the Complaint alleges that Penhall was released to return to work without "any physical restrictions." Id. ¶ 19. Nor does the Complaint allege that Penhall was limited in any major life activity. Penhall responds to this point by arguing that the allegations in her Complaint "firmly establish that Plaintiff suffered a disability from her injuries that substantially limited her major life activities including working, bending, stooping, lifting and general limitations on her physical mobility." Opp'n at 5. But the Complaint does not say that. Penhall adds that "she can amend the complaint to demonstrate that she has been rated at 27% permanently disabled by her workers' compensation evaluators, and that she continues to have limitations associated with her shoulder manipulation in particular." Id. The Court will allow Penhall to amend, as her present allegations do not adequately allege that she is disabled.

---

[6] Defendants also argue that the Complaint does not adequately allege that Penhall was otherwise qualified. MTD at 8–9. The Court does not reach this argument.

Likewise, while the Complaint alleges simply that Penhall was "perceived as having a disability," see Compl. ¶ 35, the other allegations in the Complaint contradict this. The thrust of Penhall's Complaint is that Defendants <u>failed</u> to perceive her as having a disability, instead insisting that she participate in the basic training course because "she had been released to return to work without any restrictions." See id. ¶ 24. In her opposition, Penhall asserts that she "easily" makes out a "regarded as" claim because "Howe advised [her] that she could not now enroll in the Basic Course because . . . [she] had expressed concern about re-injury." Opp'n at 8. But this falls short of alleging that Howe said that he could not enroll her because he believed that she was disabled. Moreover, Penhall alleges that she did express concern about re-injury. See Compl. ¶¶ 21, 25.[7] The Court will allow Penhall to amend, as her present allegations do not adequately allege that Defendants perceived of her as disabled.[8]

### 3. Exhaustion

Defendants also note that Penhall failed to allege that she exhausted her administrative remedies under the ADA. MTD at 9. Penhall concedes that she failed allege this, but asserts that she can do so upon amendment. Opp'n at 9. Again, the Court will allow her to amend.

### B. FEHA Claim

Defendants argue that the Court should dismiss the FEHA claim because (1) Howe is not liable for FEHA violations and (2) Penhall failed to allege that she exhausted administrative remedies. See MTD at 10–11.

As to the first argument, Penhall responds that Howe is liable for his own actions to the extent that they involve harassment. Opp'n at 9 (citing Cal. Gov't Code § 12940(j)(3)).

---

[7] Notably, even if Penhall could adequately allege that she was perceived to have a disability, Penhall cannot pursue a "failure to accommodate" theory against a public employer based on being perceived to have a disability. See 42 U.S.C. § 12201(h).
[8] Penhall does not allege that she has a record of a disability pursuant to 42 U.S.C. § 12102(1)(B). See Compl. ¶ 35 (alleging only that she has a disability and that she was perceived of having a disability). .

6

She is correct that "[a]n employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate corrective action." See Cal. Gov't Code § 12940(j)(3). Defendants reply that the Complaint's FEHA claim "does not actually use the term 'harassment.'" See Reply at 7. While that is technically true, the claim does include the allegation that "Defendant Howe, in his role as Chief of the Probation Dept., knew or should have known of the harassing conduct to which Plaintiff was subjected but failed to take immediate and corrective action to end such conduct." See Compl. ¶ 56. That is sufficient for present purposes.

Defendants are correct as to their second FEHA argument, that Penhall failed to plead exhaustion. She asserts that she "did file a timely complaint under the FEHA with the California Department of Fair Employment and Housing" and can amend her Complaint to include information about her right to sue letter. See Opp'n at 10. The Court will permit Penhall to amend her FEHA claim to do so.

### C. Section 1983 Claim

Defendants argue finally that (1) Defendants are not liable for ADA violations under § 1983; (2) Plaintiffs' Equal Protection claim fails; and (3) her Due Process claim fails. MTD at 9–10. Penhall agrees that "the § 1983 claim, which is predicated on the ADA[,] should be dismissed." Opp'n at 1.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion and

(1) dismisses the ADA claim with leave to amend;

(2) dismisses the FEHA claim with leave to amend; and

(3) dismisses the Section 1983 claim without leave to amend.

Plaintiff shall file an amended complaint, if she wishes to do so, within thirty (30) days of this Order. Failure to timely amend could result in dismissal of the case with

prejudice.

**IT IS SO ORDERED.**

Dated: November 25, 2019

CHARLES R. BREYER
United States District Judge